TRIPLETT *v.* STATE.

(Division B. March 5, 1934.)

[152 So. 881. No. 31041.]

Z. A. Brantley and Rodgers & Prisock, all of Louisville, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

Lessie Triplett was indicted, for the murder of one Willie Mae Daniels, by the circuit court of Winston county, placed upon trial, convicted of manslaughter, and sentenced to serve two years in the state penitentiary, from which conviction this appeal is prosecuted.

It appears that the killing resulted from a row between the deceased and the appellant concerning a man upon whom the deceased seems to have had some claim, and who had gone with the appellant a few days before the killing; that the day before the killing the deceased and the appellant had a quarrel, and some threats were made by the deceased against the appellant. The day of the killing, the deceased, in company with her sister-in-law, was passing the home of the appellant's half-brother where the appellant was, and the deceased's sister-in-law spoke to the appellant, but the deceased did not speak. Whereupon, the appellant asked why she did not speak, the deceased made some retort, the appellant addressed some offensive language to her, and ordered her to go on down the road. The deceased replied in an offensive manner, and, according to the state's testimony, the appellant challenged the deceased to come back, which deceased said she would not do, but would meet the appellant halfway. The parties met and engaged in a fight in which the appellant stabbed the deceased with an ice pick, from which she died.

There was some evidence on the part of the state to the effect that the deceased was making motions to her bosom as if to draw some weapon when the stabbing took place.

According to the evidence for the appellant, the deceased had the ice pick, the appellant ran from her, the deceased pursued, and in the struggle over the ice pick, the appellant secured it and stabbed the deceased with it.

On the witness stand, the appellant was asked as to her age, and stated her age to be fourteen years. That was all the testimony as to her age. Other evidence indicated that she was practically grown.

An instruction was asked for by the appellant, and refused, reading as follows: "The court instructs the jury for the defendant that a child fourteen years of age is prima facie presumed to be incapable of committing a crime and the state, in addition to proving its case beyond a reasonable doubt must override the presumption which is prima facie that the defendant is of such immature mentality she is not chargeable with crime and unless the state has proven to your entire satisfaction that defendant is of higher degree of maturity than the average child of fourteen, then it is your sworn duty to acquit the defendant."

After the verdict was returned, a motion was made for a new trial alleging, among other things, that the appellant was under fourteen years of age at the time of the killing, and was of a low mentality. It was also alleged that the attorney for the appellant did not know, at the trial, that the appellant was under fourteen years of age and was of low mentality. The motion for a new trial was overruled.

From this testimony, it appeared that the trial took place in July, and that appellant's fourteenth birthday was in July, but she was less than fourteen in April when the killing took place.

It is argued, on appeal, that the above-quoted instruc-

tion should have been given, and that if the jury should find that the appellant was not capable of crime, they should acquit her.

The law upon this subject is that a person under seven years of age is incapable of committing crime; that a person between the ages of seven and fourteen must be shown to have capacity where that question is placed in issue. After a person is fourteen years of age he is presumed to have capacity.

Upon the proof before the court, when the above instruction was asked, it was not shown that the appellant was under fourteen years of age, and the court was not called upon, in the absence of proof, to give the requested instruction.

We have examined the evidence in the case, including the appellant's testimony, and it appears to us that she had sufficient capacity to be responsible for her acts criminally. The appellant's attorneys had ample opportunity to find out her age and capacity to commit the crime at issue, and should have done so by appropriate evidence during the trial.

We find no reversible error in the conviction, and the judgment is affirmed.

Affirmed.